UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>V.<br><br>ANDREW ACOSTA,<br><br>Defendant - Appellant. | No. 05-10271<br>D.C. No. CR-03-00075-EHC<br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Arizona (Phoenix).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Arizona (Phoenix) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED.**

Filed and entered 06/14/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUL 0 6 2006

by: [signature]
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**JUN 14 2006**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 05-10271 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00075-EHC |
| v. | |
| ANDREW ACOSTA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, District Judge, Presiding

Submitted June 12, 2006[**]
San Francisco, California

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,[***] District Judge.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

A jury convicted Defendant Andrew Acosta of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. The district court sentenced him as a "career offender" under U.S.S.G. § 4B1.1. We affirm.

1. The district court ruled that Defendant's prior conviction for extortion under 18 U.S.C. § 2113(a) was a qualifying crime of violence for purposes of U.S.S.G. § 4B1.1.[1] United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990), holds that a conviction under § 2113(a) is a "crime of violence" for purposes of the career offender provisions of the Guidelines. The plea agreement entered into by Defendant in relation to that conviction demonstrates that Selfa's holding is applicable.

2. In sentencing Defendant as a career criminal under section 4B1.1, the district court also found that Defendant was 18 years or older at the time he was convicted of the instant offense. Defense counsel admitted during sentencing that Defendant met the age requirement. See United States v. Hernandez-Hernandez, 387 F.3d 799, 806 (9th Cir. 2004) ("[C]riminal defendants are bound by the admissions of fact made by their counsel in their presence and with their

---

[1] Where, as here, a defendant fails to object at trial, we review a district court's application of the Sentencing Guidelines for plain error and its factual findings for clear error. United States v. Brown, 417 F.3d 1077, 1079 n.3 (9th Cir. 2005) (per curiam); United States v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006).

2

authority."), vacated on other grounds by Ramos-Birrueta v. United States, 543 U.S. 1183 (2005)

3. Defendant argues that, in his absence, the district court heard through counsel, and ruled on, an evidentiary motion related to the scope of his expert witness' testimony in violation of his due process right to be present during all critical stages of his prosecution.[2] Defendant failed to prove that he was, in fact, absent during the time span in question. Even assuming Defendant's absence, the motion hearing does not qualify as a "critical stage" to which a defendant's due process right to presence applies. See Fed. R. Crim. P. 43(b)(3) (identifying "Conference or Hearing on a Legal Question" as a stage of trial that does not require a defendant's presence). Even assuming error, Defendant shows no prejudice.

AFFIRMED.

---

[2] Because Defendant failed to raise this claim at trial, we review for plain error. United States v. Romero, 282 F.3d 683, 689 (9th Cir. 2002).