ANDREW ACOSTA, pro-se
Name and Prisoner/Booking Number
Reg. No. 44014-008
Place of Confinement
C.C.A. P.O. BOX 6300
Mailing Address
FLORENCE, AZ. 85232
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED ___ LODGED
___ RECEIVED ___ COPY

JUN 1 2 2007

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,           )   No. CR _DC-03-00075-PHX-EHC_
                                    )       (Enter your criminal case number)
            Plaintiff,              )
                                    )   No. CV 07-1160-PHX-EHC-DKD
       vs.                          )       (To be supplied by the Clerk)
                                    )
ANDREW, ACOSTA, pro-se          ,   )   MOTION UNDER 28 U.S.C. § 2255
(Full name of Movant. Include the name under )   TO VACATE, SET ASIDE OR
which you were convicted.)          )   CORRECT SENTENCE BY A
                                    )   PERSON IN FEDERAL CUSTODY
            Defendant/Movant.       )
                                    )

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   UNITED STATES DISTRICT COURTHOUSE, FOR THE DISTRICT OF ARIZONA AT
   PHOENIX.

   (b) Criminal docket or case number: 03-00075,PHX-EHC.

2. Date of judgment of conviction: APRIL 14, 2005

3. In this case, were you convicted on more than one count or crime?    Yes ☐    No ☒ **

4. Identify all counts and crimes for which you were convicted and sentenced in this case:
   VIOLATION OF TITLE 18 U.S.C. § 2113(a), BANK ROBBERY

Revised 3/9/07                          1                                    **510**

5. Length of sentence for each count or crime for which you were convicted in this case: _____
   210 MONTHS.

6. (a) What was your plea?
   Not guilty           *☒*
   Guilty               ☐
   Nolo contendere (no contest)  ☐

   (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____
   N/A

   (c) If you went to trial, what kind of trial did you have? (Check one)    Jury ☒*    Judge only ☐

7. Did you appeal from the judgment of conviction?    Yes ☒ *    No ☐

   If yes, answer the following:

   (a) Date you filed: JUNE 12, 2005

   (b) Docket or case number: UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, CCA # 05-10271

   (c) Result: AFFIRMED

   (d) Date of result: JUNE 12, 2006

   (e) Grounds raised: DUE PROCESS VIOLATIONS, EXTORTION INCIDENTAL TO BANK ROBBERY QUALIFIES NOT AS A CRIME OF VIOLENCE, DEFENDANT WAS 18 YEARS OF AGE AT THE TIME THAT HE COMMITTED THE INSTANT OFFENSE.

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

8. Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒ *

   If yes, answer the following:

   (a) Date you filed: _____

2

(b) Docket or case number: _____

(c) Result: _____

(d) Date of result: _____

(e) Grounds raised: _____
_____
_____
_____
_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

9. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any court?     Yes ☐     No ☐ *

If yes, answer the following:

(a) First petition, application or motion.

   (1) Date you filed: _____

   (2) Name of court: _____

   (3) Nature of the proceeding: _____

   (4) Docket or case number: _____

   (5) Result: _____

   (6) Date of result: _____

   (7) Grounds raised: _____
_____
_____
_____
_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

(b) Second petition, application or motion.

   (1) Date you filed: _____

(2) Name of court: _____

(3) Nature of the proceeding: _____

(4) Docket or case number: _____

(5) Result: _____

(6) Date of result: _____

(7) Grounds raised: _____                    N/A

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c) Did you appeal the action taken on your petition, application or motion?

   (1) First petition:    Yes ☐    No ☐

   (2) Second petition:   Yes ☐    No ☐

(d) If you did not appeal from the action your petition, application or motion, explain why you did not: _____

N/A

12. For this motion, beginning on the next page, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION: If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

4

**GROUND ONE:** THREE STRIKES STATUTE REQUIRED CASE-BY-CASE APPLICATION AND, THREE-STRIKES STATUTE VIOLATE DUE PROCESS WITH REGARDS TO PROVISIONS EXCLUDING FROM QUALIFYING CERTAIN ROBBERIES AND "OTHER OFFENSES." PETITIONERS' WAS ALLEGEDLY PREVIOUSLY BEEN CONVICTED OF A PRIOR ROBBERY CONVICTION AND OF A DRUG TRAFFICKING OFFENSE, AND THE FACT THAT THE GOVERNMENT ONLY PROVIDE A PRESENTENCE REPORT FOR THE FIRST CONVICTION BUT DID NOT PROVIDED ANY PROFF AS TO THE SECOND PRIOR CONVICTION IS A VIOLATION WHICH WILL REQUIRED THIS COURT TO CONDUCT A 3559(c)(3) HEARING.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

BECAUSE THE UNITED STATES COURT OF APPEALS WOULD NOT CONSIDER ON DIRECT APPEAL CLAIM THAT PETITIONER WAS DEPRIVED OF HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE WAS SENTENCED UNDER THREE STRIKES STATUTE WHICH 18 U.S.C. 3559(a)(C)-(b)(1)) MANDATES LESS THAN 20 YEARS BUT MORE THAN 10 YEAR AS THE RECORDS DID NOT CLEARLY AND UNEQUIVOCCALLY ESTABLISHED THAT PETITIONERS PRIOR PREDICCATE OFFENSES INCIDENTAL TO 18 U.S.C § 2113(a) WAS PROPERLY CLASSIFIED AS A CRIME OF VIOLENCE FOR PURPOSE OF THE CARRER OFFENDER STATUTE, OR OF THE CAREER OFFENDER GUIDELINE EENHANCEMENT, 4B1.1., AND FURTHER BECAUSE THERE WAS NOT ANY EVIDENCE INTRODUCED AT TRIAL WITH REGARDS TO THE SECOND REQUIREMENT OF THE STATUTE FOR THE STATUTE TO APPLY, WHICH IS A PROOF OF THE DRUG ALLEGED PRIOR CONVICTION. "ALLEGEDLY SECOND PRIOR CONVICITION"

DEFENSE COUNSEL WAS THEREFORE INEFFECTIVE, BY FAILING TO ARGUE THAT A PRESENTENCE REPORT WAS INSUFFICIENT TO ESTABLISH THAT PRIORS CONVICTIONS WERE CRIME OF VIOLENCE AND DRUG TRAFFICKING OFFENSE, WHEN THERE WAS ONLY A PRESENTENCE REPORT INTRODUCED A TRIAL TO SUPPORT CONVICTION FOR THE INCIDENTAL EXTORTION-INCIDENTAL TO BANK ROBBERY OFFENSE AND COUNSELS' FACTUAL ASSERTIONS AND STATEMENTS SHOULD BE DEEM INSUFFICIANT AS AN ADMISSION BY PETITIONER THAT HE INDEED HAD BEEN PREVIOUSLY CONVICITED OF A BANK ROBBERY OFFENSE AND ALSO OF A DRUG TRAFFICKING OFFENSE, FOR WHICH HE COULD BE DEEM A CARRER OFFENDER FOR PURPOSE OF THE UNITED STATES SENTENCING GUIDELINE 4A1.1

***SEE MEMORANDUM OF LAW***

(b) Did you present the issue raised in Ground One to the court of appeals?   Yes ☐   No ☒ *

(c) If you did not raise this issue in a direct appeal, explain why: A PERSON THAT DOES NOT HAVE CONTACT WITH HIS APPEAL COUNSEL BEFORE THE APPEAL IS PLACED INFRONT OF THE COURT, AND CANNOT MAKE ANY CONTRIBUTION TO THE APPELA BEEN FORMATTED CANNOT BE SAY TO HAVE BEEN PROPERLY REPRESENTED IN THE APPEAL PROCESS.

**GROUND TWO:** TRAIL DEFENSE COUNSEL WAS INEFFECTIVE IN FAILING TO ARGUE THAT THE GOVERNMNET DID NOT HAVE MEET ITS BURDEN OF PROVING UNDER THE MODIFIED CATE GORICAL APPROACH THAT PETITIONER'S PRIOR STATE COURT CONVCITION FOR DRUGS WAS A QUALIFYING OFFENSE UNDER AFFIRMATIVE DEFENSE, AS FOR THE UNITED STATES SENTE NCING GUIDELINE 4A1.1, TO BE APPLY TO ENHANCED PETITIONER'S SENTENCE.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER NOW ARGUES THAT TRAIL DEFENSE COUNSEL WAS INEFFECTIVE FOR FAI- LING TO RESEARCH THE CONTROLING LAW AND SENTENCING GUIDELINE AND TO MAKE THE CORRECT ARGUMENTS THAT THE PRIOR STATE COURT CONVICTION COULD BE COUNTED AS ONE OF THE TWO STRICKES AGAINST PETITIONER AS REQUIRED BY THE 4A.1.1 READIN- GS. PETITIONER NOW CONTENDS THAT HIS REQUEST FOR THE COURT TO SENTENCED HIM BELOW THE CARRER OFFENDERS GUIDELINE SHOULD BE CONSTRUE AS A CLEAR OBJECTION TO THE USE OF THE UNITED STATES SENTENCING GUIDELINE 4B1.1. AGAINST HIMSELF AND A CLEAR FAILURE BY HIS DEFENSE COUNSEL TO RAISE THE PROPER OBJECTIONS TO THE PRESENTENCE REPORT EVEN WHEN ASK OR REQUESTED FOR THE PROPER FILING OF SAID OBJECTIONS

***SEE ATTACHED MEMORANDUM OF LAW***

(b) Did you present the issue raised in Ground Two to the court of appeals?    Yes ☐    No ☒*

(c) If you did not raise this issue in a direct appeal, explain why: AFTER FOUR ATTORNEYS AND NOT HAVING PROPER REPRESENTATION BY ANY ONE F THEM, WHAT ELSE A PRO-SE PETITI- ONER IS SUPPOSS TO DO, IF PETITIONER AS IN THE CASE INFRONT OF THE COURT FOR A REVIEW IN COUNSELS REPRESENTATION, PETITIONER WILL ARGUED THAT NOT ONLY TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO OBJECT, FOR FAILURE TO FILE OBJECTIONS TO THE PRE-SENTENCE REPORT, AND FOR APPEAL COUNSEL FOR HIS FAILURE TO BRING THIS ISSUES AS REQUESTED BY PETITIONERS" IN DIRECT APPEAL.

**GROUND THREE:** PETITIONERS' PRIOR CONVICTIONS FOR EXTORTION INCIDENTAL TO BANK ROBBERY, AND DRUG TRAFFICKING OFFENSES WERE IMPROPERLY CATEGORIZED AS A CRIME OF VIOLENCE (VIOLENT FELONY-AGGRAVATED FELONY) FOR PURPOSE OF THE CARRER OFFENDERS GUIDELINE, 4A1.1, AND TRIAL COUNSEL FAILURE TO OBJECT TO THIS CONSTITUES REPRESENTATION BELLOW THE GUARANTEES OF THE SIX AMENMENT.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
PETITIONER WAS CHARGED WITH VIOLATIONS OF TITLE 18 U.S.C. § 2113(a) AND SENTENCED AS A CARRER OFFENDER PURSUANT TO U.S.S.G. § 4A.1.1. AS HAVING BEEN PREVIOUSLY CONVICTED OF A CRIME OF VIOLENCE AND A DRUG TRAFFICKING OFFENSE. PETITIONER NOW WILL ARGUED THAT THIS COURT COMMITTED PLAIN ERROR IN THE SENTENCING OF THE PETITIONER AS A CARRER OFFENDER. PETITIONER'S 1999 CONVICTION FOR EXTORTION INCIDETAL TO BANK ROBBERY IS NOT CONSISTANT WITH THE REQUIREMENTS OF BY OF THE PLAIN LENGUAGE OF THE GUIDELINE, OR OF THE STATUTE. NONQUALIFYING FELONIES;
ROBBERY IN CERTAIN CASES.-ROBBERY, ATTEMPT, CONSPIRACY, OR SOLICIATTION TO COMMIT ROBBERY, SHALL NOT SERVE AS A BASIS FOR SENTENCING ............, UNDER THIS SUBSECTION IF THE DEFENDANT ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE THAT (1) NO FIREARMS OR OTHER DANGEROUS WEAPON WAS USED IN THE OFFENSE AND NO THREAT OF USE OF A FIREARM IR OTHER DANGEROUS WEAPON WAS INVOLVED IN THE OFFENSE: AND (ii) THE OFFENSE DID NOT RESULT IN DEATH OR SERIOUS BODILY INJURY... TO ANY PERSON, PETITIONER'S PRIOR CONVICTION FOR EXTORTION -INCIDETAL TO BANK ROBBERY AND A DRUG TRAFFICKING OFFENSE NEVER INVOLVED THE USE OF FORCE OR BY FORCE OR BY THREATHS OF DEATH OR BODILY INJURY THEREFORE ARE NOT QUALIFYING OFFENSES FOR THE APPLICATION OF THE CARRER OFFENDERS SENTENCING GUIDELINE.

***SEE ATTACHED MEMORANDUM OF LAW***

(b) Did you present the issue raised in Ground Three to the court of appeals?  Yes ☐  No ☒

(c) If you did not raise this issue in a direct appeal, explain why: A FEDERAL INMATE WHICH CANNOT OBTAIN RESPONSE TO HIS LETTERS BY HIS APPEAL COUNSEL HAS NO CONTROL OVER COUNSEL WORK ETHICS OR AS TO WHAT IF ANY HE WILL ARGUED IN PETITIONERS DIRECT APPEAL, EVEN WHEN ASK AS IN THIS CASE FOR ISSUES SUCH AS THIS TO BE RAISED ON DIRECT APPEAL, THEREFORE A CLEAR INEFFECTIVE REPRESENTATION OF PETITIONER NEEDS AT HIS DIRECT APPEAL STAGE.

**GROUND FOUR:** FAILURE OF TRIAL COUNSEL TO FILE A RULE 59 MOTION FOR NEW TRIAL IS INEFFECTIVE REPRESENTATION BY TRIAL ATTORNEY BY FAILING TO FILE A MOTION FOR A NEW TRAIL AS IT WAS REQUESTED BY PETITIONER.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner requested his trail attorney for the filing of a motion for a new trail, however, disregarding his proper and timely request she not only failed to file said motion and also an opposition to the use of his prior convictions prior to sentencing day, and instead defense counsel filed a motion to withdraw as a defense counsel and for an appointment of new counsel, because she was moving to the ARIZONA STATE Public Defenders Offices, MARICOPA Couty. She let the time to run out disregarding her duty to act as a counsel for a convicted person who was in the segregation at the time that the jury found him guity of the charged offenses, and who could not act as his attorney do to the fact of having a defense counsel appointed by the court for his defense and needs.

****SEE ATTACHED MEMORANDUM OF LAW****

(b) Did you present the issue raised in Ground Four to the court of appeals?    Yes ☐    No ☒ *

(c) If you did not raise this issue in a direct appeal, explain why: INEFFECTIVE OF COUNSEL CLAIM ARE BEST RAISED ON 28 U.S.C. § 2255.

GROUND FIVE; THE DISTRICT COURT DID NOT APPLIED THE MODIFIED CATEGORICAL APPROACH OR STABLISHED BY PROFF PROVIDED BY THE GOVERNMENT THAT THE ARIZONA DRUG COURT CONVICTION QUALIFY FOR THE CARRER ENHANCEMENT AS A DRUG TRAFFICKING OFFENSE.

(a) Supporting FACTS:

THE ACTUAL STATUTE OF A PRIOR CONVICTION RELIED UPON FOR A SENTENCING ENHANCEMENT MUST BE SUPPLIED TO THE DISTRICT COURT BY ~~THE GOVERNMENT WHETHER OR NOT ANYONE OBJECTS TO ITS ABSENCE~~. HOWEVER, THE DISTRICT COURT SOLE RELIANCE OF FACTUAL DESCRIPTIONS AS TO THIS PETITIONER'S OFFENSE FOR POSSESSION FOR SALES UNDER ~~TTHE ARIZONA COURT SYSTEM IN THE PRESENTENCE REPORT WAS PLAIN ERROR.~~

PETITIONER WAS PRESENTED WITH A PLEA AGREEMENT TO THE OFFENSE OF BANK ROBBERY, AND WAS OFFERED A SENTENCE OF NO MORE THAN ~~70-87, MONTHS (VERBALY DONE BY HIS TRIAL ATTORNEY),~~ ~~AND HE THEN DICIDED TO GO TO TRIAL~~, HOWEVER, INEFFECTIVENESS OF TRIAL COUNSEL OCCUR WHEN ATTORNEY FAILED TO COMMUNICATE THAT IF ~~PETITIONER WAS TO TAKE THE INSTANT MATTER TO TRIAL HE SHOULD~~ BE THEN SUBJECTED TO THE CARRER CRIMINAL ENHANCEMENT, AND THAT HE THE WILL BE FACING A MORE LARGER SENTENCE OF UP TO 240 MONTHS IF HE ~~WAS TO TAKE THE INSTANT MATTER TO TRIAL. DEFENSE COUNSEL~~ WAS INEFFECTIVE IN FAILING TO RAISE ANY OBJECTIONS TO THE FACT THAT THE DISTRICT COURT WAS RELYING UPON A PRESENTENCE INVESTIGATION ~~REPORT AND THAT NOTHING WAS BEING SUPPLIED TO THE DISTRICT~~ COURT OTHER THAN THE PRESENTENCE REPORT PREPARED FOR THE COURT AS TO IMPOSS SENTENCE ON THIS CASE.

(b) Did you present the issue in ground five to the court of appeals (no)

(c) If you did dnot raise this issue in a direct appeal, explain why....
FAILURE OF APPEAL COUNSEL TO RAISE THE ISSUE FOR THE COURT OF APPEALS IS INEFFECTIVE ASSISTANCE OF COUNSEL.

**GROUND SIX:** ISSUES NOT PRESENTED TO THE DISTRICT COURT CANNOT GENERALLY BE RAISED FOR THE FIRST TIME ON APPEAL AND ARE ~~THEREFORE WAIVED, HOWEVER, WHERE A PARTY FAILS TO RAISE AN OBJEC~~ TION TO THIS ISSUES NOT PRESENTED TO THE COURT BY TRAIL COUNSEL BY NEW APPEAL COUNSEL IS PERSE INEFFECTIVE ASSISTANCE OF COUNSEL. AT THE APPEAL LEVEL.

(a) Supporting facts:

NOT RAISING A REQUESTED OBJECTIONS TO THE PRESENTENCE REPORT AN ITS RECOMMENDATIONS CONCERNING THE USE OF UNPROVEN CONVICTIONS BY THE GOVERNMENT, AND FOR THE PRESENTENCE REPORT NOT TO DISCLOSS ANY SUPPORTING FACTUAL FINDINGS AS TO QUALIFYING PRIOR CONVICTIONS FOR THE CARRER ENHANCEMENT GUIDELINE OR THE INFORMATION (PRIOR ALLEGED ARIZONA STATE COURT CONVICTION FOR DRUG TRAFFICKING) WAS NOT PROVEN NOR ANY PAPER WORK WAS PRESENTED TO THE COURT OR EVER DISCLOSED TO THE PETITIONER, WHICH WILL SUPPORT THE INEFFECTIVENESS OF DEFENSE ATTORNEY, WHICH WILL REQUIRE THE COURT TO REMAND TO HIS OWN PRIOR RULING FOR PLAIN ERRROR.

***SEE ATTACHED MEMMORANDUM OF LAW****

Did you present this issue in ground six to the court of appeals (NO)

(c) If you did not raise this issue in direct appeal, explain why....

PRIOR DEFENSE COUNSEL AND PRIOR DIRECT APPEAL COUNSEL WERE INEFFECTIVE BY NOT BRINGGIN THIS ISSUE FOR THE COURT OF APPEALS TO RULE ON IT, THEREFORE THIS HONORABLE DISTRICT COURT MAY REMAND THE PRESENT CASE FOR ITS OWN PLAIN ERROR, REVIEW.

**Please answer these additional questions about this motion:**

13. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☒ **

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: ____N/A____

14. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?   Yes ☐   *No ☒ ***

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future: ____N/A____

    (b) Date the sentence was imposed: ____

    (c) Length of the sentence: ____

    (d) Have you filed, or do you plan to file, any motion, petition or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☒

15. TIMELINESS OF MOTION: If your judgment of conviction challenged in this motion became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2255 does not bar your motion.*   ____MOTON IS WITHING THE TIME FRAME FOR THE FILING OF MOTIONS PURSUANT TO 28 U.S.C. § 2255.____

---

*Section 2255 provides in part that:
   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction becomes final;

9

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

16. Movant asks that the Court grant the following relief: __TO REMAND THE CASE FOR SENT-ENCING MYSELF AS NOT BEING A CARRER OFFENDER, AND TO ALLOW AN EVIDENTIARY HEARING AS TO DECIDE THE ISSUE WITH REGARDS TO MY PRIOR CONVICTIONS. AND ANY OTHER ISSUE THAT THIS COURT DEEMS PROPER__ or any other relief to which Movant may be entitled. (Money damages are not available in § 2255 cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___06-09-2007___ (month, day, year).

*Andrew Acosta*
Signature of Movant  ANDREW, ACOSTA, pro-se

_____  _____
Signature of attorney, if any                     Date

## CERTIFICATE OF SERVICE

I, Andrew, Acosta, the Petitioner in the inclosed file motion swears under all penalties of perjury that I did caused for the mail system of the C.C.A. Institution at Florence, AZ. to be sent as a first clase mail my timely Motion pursuant to 28 U.S.C. § 2255, by an incarcerated inmate in the federal system.

Dated this 10 day of June of 2007;

Copies of the Foregoing Motion were mailed to the United States District Court for the district of Arizona, phoenix, Division.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CLERKS OFFICE<br>U.S. COURTHOUSE<br>401 WEST WASHINGTON, SUITE 130<br>PHOENIX, AZ. 85003-2119 | UNITED STATES OF AMERICA,<br>OFFICE OF THE U.S. ATTORNEY<br>SANDRA DAY O'CONNOR, U.S. COURTHOUSE<br>401 W. WASHINGTON, STREET<br>SUITE 130, SPC-1<br>PHOENIX, AZ. 85003 |

*Andrew Acosta* (signature)
Andrew, Acosta, pro-se

## CERTIFICATE OF SERVICE

I, Andrew, Acosta, the Petitioner in the inclosed file motion swears under all penalties of perjury that I did caused for the mail system of the C.C.A. Institution at Florence, AZ. to be sent as a first clase mail my timely Motion pursuant to 28 U.S.C. § 2255, by an incarcerated inmate in the federal system.

Dated this 10 day of June of 2007;

Copies of the Foregoing Motion were mailed to the United States District Court for the district of Arizona, phoenix, Division.

| UNITED STATES DISTRICT COURT | UNITED STATES OF AMERICA, |
|---|---|
| CLERKS OFFICE | OFFICE OF THE U.S. ATTORNEY |
| U.S. COURTHOUSE | SANDRA DAY O'CONNOR, U.S. COURTHOUSE |
| 401 WEST WASHINGTON, SUITE 130 | 401 W. WASHINGTON, STREET |
| PHOENIX, AZ. 85003-2119 | SUITE 130, SPC-1 |
| | PHOENIX, AZ. 85003 |

_Andrew Acosta_
Andrew, Acosta, pro-se

UNITED STATES DISTRICT COURT
CLERK
SANDRA DAY O'CONNOR COURTHOUSE.
SUITE 130
401 W. WASHINGTON ST. SPC-1
PHOENIX, AZ. 85003-2118



TO: ANDREW V. ACOSTA, PRO SE.
Reg. No. 44014-008
C.C.A. P.O. Box 6300
FLORENCE, ARIZONA 85232