DANIEL G. KNAUSS
United States Attorney
District of Arizona

JOAN G. RUFFENNACH
Assistant U.S. Attorney
Arizona State Bar No. 009991
Joan.Ruffennach@usdoj.gov
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-03-0075-PHX-EHC |
| --- | --- |
| Plaintiff, | CIV-07-1160-PHX-EHC (DKD) |
| v. | **RESPONSE IN OPPOSITION TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| Andrew V. Acosta, | |
| Defendant-Movant. | |

The United States of America, by and through counsel undersigned, hereby opposes the Motion of Defendant-Movant Andrew V. Acosta to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, and asks the Court to dismiss the same for the reasons set forth in the attached Memorandum of Points and Authorities.

Respectfully submitted this _____ day of October, 2007.

DANIEL G. KNAUSS
United States Attorney
District of Arizona


JOAN G. RUFFENNACH
Assistant U.S. Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Procedural History/Statement of Relevant Facts.**

On September 4, 2003, defendant-movant Andrew Acosta (hereinafter "defendant"), was convicted, after a jury trial, of bank robbery in violation of 18 U.S.C. § 2113(a). (CR 102, 111.) [1]/ Prior to sentencing, trial counsel Daphne Budge moved to withdraw as counsel. In her motion, Ms. Budge represented that she had discussed with defendant the sentencing guidelines applicable to his case, the possible sentence he faced if he pled guilty, and the sentence he faced if he went to trial. She advised the Court that defendant "wishe[d] to assert the ineffective assistance of [] counsel for alleged inaccuracies in her pre-trial recitation of those sentencing ranges." (CR 125.) She sought to withdraw from representation on the basis of conflict of interest and irreconcilable differences. (CR 125.) The Court granted the motion to withdraw on February 17, 2004, extended the time for filing objections to the presentence report, and appointed attorney Mark Paige. (CR 127, 128, 129, 132.)

On March 24, 2004, Mr. Paige filed a motion to continue sentencing and to further extend time for filing objections to the presentence report, representing that he had only received the file on March 17th, and needed time to meet with defendant and to review the file before any objections could be filed. (CR 130.) The Court granted the motion on April 5, 2004. (CR 132.)

On May 21, 2004, Mr. Paige filed a second motion to extend time for filing objections to the presentence report, requesting an extension to June 2, 2004. Mr. Paige represented that he had received and reviewed defendant's file, had met with defendant on at least two occasions to discuss sentencing issues, and had met with government counsel to "learn additional information regarding the issues involved." (CR 133.) The Court granted the continuance and, on June 2, 2004, Mr. Paige filed a combined "Objections to the Presentence Report and

---

[1]/ The abbreviation "CR" refers to the Court Clerk's Record, and is followed by relevant document numbers. The abbreviation "RT" will refer to the Reporter's Transcript of proceedings, and will be followed by relevant dates and page numbers. The abbreviation "PSR" will refer to defendant's presentence report, and will be followed by relevant paragraph numbers.

Sentencing Memorandum." (CR 134, 135.) Therein, he objected to the "Offense Conduct" portion of the report (paragraphs 3-7), arguing that defendant maintained his innocence; to paragraph 8, because it contained a reference by a victim teller to other alleged robberies; to paragraphs 28-31, regarding "Other Delinquent Conduct," because the paragraphs set forth factual allegations regarding prior arrests that had never resulted in prosecutions; and to paragraphs 41-42, because those paragraphs described additional charges the government intended to, but had not yet, filed, and therefore they did not qualify as "relevant conduct." Mr. Paige did not otherwise object to the presentence report's criminal history calculations nor to its conclusion that defendant qualified for sentencing as a career offender. (CR 135.)

On June 10, 2004, Mr. Paige moved again to continue sentencing, this time to prepare "appropriate motions regarding sentencing issues and to address these issues and others with Mr. Acosta [, who] has requested the opportunity to discuss a number of additional issues with counsel." (CR 137.) While this motion was pending, defendant Acosta filed two *pro se* motions for production of records relating to the grand jury. (CR 136, 138.) The Court denied defendant's *pro se* motions and granted counsel's motion to continue. (CR 139, 140.) Subsequently, Mr. Paige filed two more motions to continue on the grounds that, after additional visits with defendant, he learned of witnesses believed to be necessary for sentencing and needed time and an investigator to attempt to locate those witnesses. The Court granted counsel's requests. (CR 142, 145, 148, 149.)

On September 27, 2004, Mr. Paige filed a sentencing memorandum asking the Court to find the career offender provision of the sentencing guidelines unconstitutional, and for a downward departure from the applicable guideline range. He argued departure was warranted because: (1) prior counsel was ineffective in that "she errantly advised the defendant as to sentencing exposure if unsucsessful at trial," (2) defendant had a history of childhood domestic abuse; (3) defendant had "an extensive drug history which necessitate[d] treatment and rehabilitation; (4) defendant's criminal history was overstated, particularly in light of the career offender enhancement; and (5) the totality of the circumstances justified a departure. (CR 152.)

In the memorandum, counsel asserted that defendant was only 21 at the time he committed "the first of the predicate offenses resulting in his enhancement to career offender status." (CR 152.) He argued that defendant's young age at the time of that drug offense, combined with his social background, family responsibilities and history, and substance abuse issues, all demonstrated that his criminal history calculation over-stated the seriousness of his criminal history and warranted a downward departure. (CR 152.)

Thereafter, defendant filed an *ex parte* request that Mr. Paige be removed as counsel. (CR 155.) The Court held a hearing on the matter (CR 155) and, despite finding no support for defendant's allegations against counsel, granted defendant's request to remove Mr. Paige. The Court appointed attorney Phil Seplow and continued sentencing. (CR 157, 161; RT 10/22/04 2-4; Attachment at 2-4.) On the day set for sentencing, the Supreme Court decided *United States v. Booker*. Sentencing was continued to allow the parties to address the impact of *Booker* on defendant's sentence. (CR 163.) Mr. Seplow subsequently filed a memorandum addressing *Booker*, in which he adopted the sentencing memorandum filed by previous counsel, Mark Paige. (CR 166.)

At a subsequent sentencing hearing on March 11, 2005, defendant acknowledged having read the presentence report, his counsels' objections to the presentence report, and the responses by the government and the presentence report writer. (CR 205; RT 3/11/05 2-3; Attachment at 6-7.) When invited by the Court to offer any other objections or comments to the presentence report, defendant offered none. He did not challenge in any way the factual assertions or guideline calculations in the report. Instead, he requested that the Court consider his family situation, and sentence him below the career offender guideline range recommended in the report. (CR 205; RT 3/11/05 4-7; Attachment at 8-11.)

Thereafter Mr. Seplow, relying on the sentencing memorandum filed by Mr. Paige, argued for a sentence substantially below the advisory guideline range. In so doing, he acknowledged defendant had convictions for "sell[ing] the rock cocaine, I think it was 15 rocks," and "extortion, which apparently comes out of the bank robbery[,]" and further that he

4

1 considered objecting pursuant to *Shepard v. United States*, but did not do so because defendant's case did not "fit . . . into a Shepard hole[.]" [2/] (CR 205; RT 3/11/05 7-12; Attachment at 11-16.)

Sentencing was ultimately continued, because an issue arose regarding defendant's conduct while incarcerated and it's potential impact on his sentence. (CR 169; RT 3/11/05 34; Attachment at 17.) When sentencing resumed on April 13, 2005, the Court again concluded that defendant qualified as a career offender under U.S.S.G. § 4B1.1. The Court exercised its discretion to sentence defendant within the career offender guideline range. The Court imposed a sentence of 210 months imprisonment, three years of supervised release, and restitution in the amount of $17,035.00. (CR 176, 206; RT 4/12/05 6; Attachment at 19.)

Thereafter defendant, represented by attorney Atmore Baggot, appealed his conviction and sentence. He argued, among other things, that the district court plainly erred in applying the career offender guideline, because his prior conviction for extortion under 18 U.S.C. § 2113(a) did not qualify as a "crime of violence," and that there was insufficient evidence in the record that he was at least 18 years old at the time he committed the qualifying offenses. The Court of Appeals rejected both of defendant's arguments, and his conviction and sentence were affirmed. *See United States v. Acosta*, 185 Fed. Appx. 590, 2006 WL 1722545 (9th Cir. June 14, 2006) (unpublished memorandum decision). (*See* Attachment at 20-22.) Defendant did not seek further review. He filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on June 12, 2007. (CR 218.) The United States has been ordered to respond to the motion. (CR 223.)

**II.     Issues Presented.**

Defendant Acosta alleges as grounds for relief that his trial, sentencing, and appellate counsel were ineffective, and that the district court plainly erred in sentencing him as a career

---

[2/] *Shepard v. United States,* 544 U.S. 13 (2005) (holding that inquiry into elements and facts underlying an offense, for purposes of determining whether an offense qualifies as a predicate offense for sentence enhancement, is limited to the "charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant . . . or to some comparable judicial record").

5

offender. He claims: (1) sentencing counsel was ineffective in failing to argue the presentence report did not establish that defendant's prior convictions qualified as predicate offenses for application of the "three-strikes" provision, 18 U.S.C. § 3559, and that counsel's factual assertions were insufficient to constitute an admission to the offenses for purposes of sentencing him under the career offender guideline, U.S.S.G. § 4B1.1; (2) sentencing counsel was ineffective for failing to argue the government did not meet its burden under the "modified categorical approach" of establishing that defendant's prior state drug conviction qualified as a predicate offense under the career offender guideline; (3) appellate counsel was ineffective for failing to argue the district court committed plain error in finding defendant's prior convictions qualified him for application of the career offender guideline; (4) trial counsel was ineffective for failing to file a motion for new trial, despite defendant's express demand that she do so, and for failing to file objections to the use of his prior convictions to aggravate his sentence prior to withdrawing as counsel; (5) the district court failed to apply the modified categorical approach in relying on defendant's drug conviction for purposes of applying the career offender guideline, and failed to require adequate proof of the offense by the government, and trial counsel rendered ineffective assistance by failing to communicate to defendant that he could be sentenced as a career offender if he rejected the proffered plea agreement; and (6) appellate counsel was *per se* ineffective for failing to argue that the district court committed plain error by relying on bare allegations in the presentence report to establish defendant's career offender status.

**III.     Legal Analysis.**

       **1.  Defendant's Motion is Timely.**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214, effective April 24, 1996, established both procedural and substantive limits on the filing of motions for collateral relief by prisoners under 28 U.S.C. § 2255. Particularly, in section 105 of AEDPA, Congress established a one-year period of limitations for such motions. Defendant's conviction and sentence were affirmed by the Court of Appeals on June 14, 2006. The mandate issued on July 6, 2006. Defendant did not file for further review. Accordingly,

his conviction became final on October 4, 2006. His motion pursuant to 28 U.S.C. § 2255 is timely, as it was filed within one year of the date upon which his conviction became final. *See Clay v. United States*, 537 U.S. 522 (2003) (if prisoner's conviction is affirmed on appeal and he does not file a petition for *certiorari*, judgment of conviction becomes final when time expires for filing petition for *certiorari*.)

  **2.** **Defendant fails to state any grounds upon which this Court can grant him relief, and his motion to vacate, set aside or correct his sentence must be denied.**

In order to prevail on a claim of ineffective assistance of counsel, defendant must show two things: (1) that specific acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that defendant was prejudiced by these acts or omissions. *Strickland v. Washington*, 466 U.S. 668, 687-8 (1984); *Bonin v. Calderon*, 59 F.3d 815, 833 (9th Cir. 1995). In reviewing counsel's performance, a court must "strongly presume that counsel's conduct was within the wide-range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." *Strickland*, 466 U.S. at 689. This presumption can only be overcome with concrete evidence. *United States v. Cronic*, 466 U.S. 648, 658 (1984). In the *Strickland* prejudice analysis, the determinative question is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Glover v. United States*, 531 U.S. 198, 202-03 (2001). If a defendant fails to meet his burden of establishing either prong of the test, his claim of ineffective assistance fails. *Williams v. Calderon*, 52 F.3d 1465, 1470 (9th Cir 1995).

  **a.** **Grounds One and Three.**

In Ground One, defendant claims sentencing counsel was ineffective for failing to argue that statements in his presentence report about his prior convictions were insufficient evidence of the convictions to warrant application of the "three-strikes" provision of 18 U.S.C. § 3559(c)(1). (CR 218 at 5.) The "three-strikes" provision mandates a life sentence for certain violent felons who have previous convictions for two violent felonies or one violent felony and a serious drug offense. *See* 18 U.S.C. § 3559(c)(1); *United States v. Stokes*, 292 F.3d 964, 968

(9th Cir. 2002); *United States v. Morrison*, 113 F.3d 1020, 1020 (9th Cir. 1997). Defendant, however, was not sentenced under the "three-strikes" provision of 18 U.S.C. § 3559(c)(1). Defendant was sentenced to 210 months imprisonment under 18 U.S.C. § 2113(a) (bank robbery), based on a finding by the district court that he was a career offender under U.S.S.G. §4B1.1.

Defendant's factually and legally unsupported allegation that he was sentenced under the three-strikes provision is clearly refuted by the records of this Court. (PSR; CR 176.) Accordingly, he has failed to state a claim for which relief can be granted. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (cursory allegations that are purely speculative cannot support a claim of ineffective assistance of counsel); *United States. v. Donn*, 661 F.2d 820, 825 (9th Cir. 1981) (defendant "must have made reasonably plausible factual allegations that state a claim on which relief could be granted.")

In related arguments in Grounds One and Three, defendant contends there was no evidence his prior conviction for "extortion incidental to bank robbery" under 18 U.S.C. § 2113(a) was a crime of violence for purposes of the career offender guideline, and further that his appellate counsel was ineffective for failing to argue the district court plainly erred in finding that conviction qualified as a predicate offense for purposes of that guideline. (CR 218 at 5, 7.) Appellate counsel, however, did in fact argue that the extortion conviction was not a qualifying felony for career offender purpose, and the Ninth Circuit expressly rejected the argument. *See United States v. Acosta*, 185 Fed. Appx. 590, 2006 WL 1722545 (9th Cir. June 14, 2006) (unpublished memorandum decision) (holding that records before the district court established defendant's prior conviction for extortion was a qualifying crime of violence for purposes of career offender guideline). (Attachment at 20-22.) Where an argument has already been litigated and rejected on direct appeal, this Court should decline to consider it in a subsequent § 2255 motion. *United States v. Redd*, 759 F.2d 699, 700-01 (9th Cir. 1985) (where same claim was raised and rejected on direct appeal, it cannot form the basis for a subsequent § 2255 motion).

### b. **Grounds Two and Three.**

In related arguments in Grounds Two and Three, defendant argues that sentencing counsel was ineffective for not arguing that the government failed to establish, under the "modified categorical approach," that defendant's prior state drug conviction qualified as a predicate offense under the career offender guideline, U.S.S.G. §4B1.1, and further that appellate counsel was ineffective for failing to argue the district court plainly erred in using that conviction to sentence defendant as a career offender. (CR 218 at 6-7.) Failure to raise a claim of error at trial or on direct appeal normally subjects the claim to procedural default, which bars a defendant from relief unless he can establish cause for his failure to make the objection and prejudice from that failure, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). "Establishing the elements of an ineffective assistance of counsel claim normally will meet this cause and prejudice test." *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996). Defendant's claims are procedurally defaulted, because he cannot establish the elements of an ineffective assistance of counsel claim.

Here, the statements and actions of sentencing counsel (CR 152, 166, 205) demonstrate that his performance did not fall below an objective standard of reasonableness. Without objection from defendant, Mr. Seplow sought to mitigate application of the career offender guideline, rather than to dispute the nature and proof of defendant's prior convictions. (CR 205; RT 3/11/05 2-7; Attachment at 6-11.) In so doing, Mr. Seplow expressly advised the court that he considered and rejected a challenge to the nature and sufficiency of defendant's prior convictions under *United States v. Shepard*, because in his opinion defendant's case did not "fit . . . into a Shepard hole[.]" (CR 205; RT 3/11/05 7-12; Attachment at 11-16.) Mr. Seplow's performance was not deficient for failing to raise an argument he reasonably believed would be unsuccessful on the merits. *See Hamilton v. Vasquez*, 17 F.3d 1149, 1164 (9th Cir. 1994) (it is not deficient performance for defense counsel to fail to raise argument he reasonably concludes would not be successful); *see also Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (failure to raise meritless argument does not constitute ineffective assistance of counsel).

This Court need not reach the issue of deficient performance, however, because defendant cannot establish prejudice from the use of his prior drug conviction to enhance his sentence. Under the relevant portion of § 4B1.1: "A defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *United States v. Sandoval-Vengas*, 292 F.3d 1101, 1106 (9th Cir. 2002). A "controlled substance offense" is defined in § 4B1.2(b) of the sentencing guidelines as "an offense under federal or state law, punishable by a term of imprisonment of more than one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense." *Id.* at 1107.

Defendant's presentence report provides that he was convicted on April 30, 1992 of Conspiracy to Sell Narcotic Drugs in Arizona Superior Court, in case number CR92-90323, and was sentenced to seven (7) years imprisonment. (PSR at ¶ 35.) At sentencing, defense counsel advised the court that defendant's drug conviction involved the sale of 15 rocks of cocaine. (CR 205; RT 3/11/05 11-12; Attachment at 15-16.) The files of the probation department contain the indictment, plea agreement, and judgment relating to that conviction. Those documents establish that defendant was indicted for possession of cocaine for sale, and he pled guilty to Conspiracy to Sell Narcotic Drugs, a class 2 felony, in violation of A.R.S. §§ 13-3408 and 1003. (Attachment at 23-34.) Under Arizona law, a conviction for Conspiracy to Sell Narcotic Drugs pursuant to A.R.S. §§ 13-3408 and 1003 requires proof of (1) an intent to promote or aid the commission of the offense (2) an agreement among one or more persons that one of them or another person will engage in conduct constituting the offense, and (3) an overt act committed in furtherance of the offense. *State v. Saez*, 845 P.2d 1119, 1123 (Ariz. 1993).

Here, the indictment, plea agreement and judgment, viewed in light of these elements, clearly establish that defendant's conviction for conspiracy to sell cocaine qualifies as a "controlled substance offense" for purposes of the career offender guideline. It is an offense

under state law, punishable by a term of imprisonment of more than one year, that prohibits the distribution of a controlled substance or the possession of a controlled substance with intent to distribute. *Cf. United States v. Hernandez-Valdovinos*, 352 F.3d 1243 (9th Cir. 2003) (indictment, plea agreement, judgment and presentence report demonstrated that defendant's conviction under A.R.S. § 13-3408 was "drug trafficking offense" which could be used to enhance defendant's sentence for illegal re-entry).

As each of defendant's prior convictions (for extortion incident to bank robbery and conspiracy to sell cocaine) qualifies as a predicate offense for application of the career offender guideline, defendant cannot demonstrate prejudice from the district court's use of those convictions in determining his sentence. He cannot show that absent counsel's alleged deficient performance, the result of the proceeding would have been different. Accordingly, his claim of ineffective assistance fails. **Strickland**, 466 U.S. at 694, 700.

### c. <u>Ground Four.</u>

In Ground Four, defendant claims trial counsel was ineffective for failing to file a motion for new trial, despite his express demand that she do so. (CR 218 at 8.) Defendant, however, fails to identify any basis upon which counsel could (or should) have filed a new trial motion. He has not, therefore, demonstrated either deficient performance or prejudice. *See United States v. Donn*, 661 F.2d at 825 (defendant "must have made reasonably plausible factual allegations that state a claim on which relief could be granted."); *and see Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) (where defendant fails to present factual basis for argument, court will not speculate on support for defendant's position). Defendant's further claim that counsel was ineffective because she did not object to the use of his prior convictions to aggravate his sentence prior to withdrawing as counsel is equally without merit. As argued above, defendant cannot establish prejudice from the use of those convictions.

### d. <u>Ground Five.</u>

In Ground Five, defendant first claims the district court erred by failing to properly apply the modified categorical approach in relying on his drug conviction for purposes of

11

1 applying the career offender guideline, and by failing to require the government to provide
2 adequate proof of the offense. Defendant did not raise these claims on direct appeal. He has,
3 therefore, waived them. *See United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994) ("this
4 court follows the rule that nonconstitutional sentencing errors that have not been raised on direct
5 appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255.").

Defendant next claims trial counsel Daphne Budge was ineffective for failing to communicate to him that he could be sentenced as a career offender if he rejected a plea offer and went to trial. (CR 218 at 9.) Once again, defendant's claim is procedurally defaulted because, even if true, he cannot establish the elements of an ineffective assistance of counsel claim; he cannot prove prejudice resulting from counsel's alleged omission.

The record establishes that defendant was, in fact, aware that he faced sentencing as a career offender if convicted after trial. In his September 27, 2004 Motion and Memorandum Regarding Sentencing, attorney Mark Paige asserted that Ms. Budge "gave the defendant incorrect information regarding the impact" of the sentencing guidelines on defendant if he was convicted at trial, and argued that her ineffective assistance warranted a downward departure from the career offender guideline. (CR 152.) Mr. Seplow adopted this argument in his sentencing memorandum. (CR 166.) In response, the government submitted a statement from Senior U.S. Probation Officer Mori L. Emmons, and affidavits from F.B.I. Special Agent Michael Sanborn and the prosecutor, Charles F. Hyder. (CR 169.) [3] The statement and affidavits, each made under penalty of perjury, assert that while in the courtroom on August 23, 2003, at the request of Mr. Hyder, Ms. Emmons calculated the potential guideline range defendant would face if he was convicted after a jury trial. That calculation identified defendant as a career offender with a guideline range of 210 to 262 months. The calculation was provided to Mr. Hyder who, in the presence of Ms. Emmons, F.B.I. Agent Sanborn, and Ms. Budge,

---

[3] These documents were included in the government's response to the district court's order to provide the court, under seal, with any report from the prison regarding defendant's conduct while incarcerated. (CR 169.) The district court granted the government's motion to unseal the documents on August 16, 2007. (CR 233.)

12

advised defendant that he qualified as a career offender under the guidelines. Mr. Hyder further advised defendant that he faced a sentence of 210 to 262 months imprisonment, and that if he accepted the government's plea offer he would be facing a sentence of 151 to 188 months. In response to the information provided by Mr. Hyder, defendant said, "I can't do twelve years." (CR 233; Attachment at 35-39.)

Because the records of this Court affirmatively establish that prior to trial defendant was advised of his career-offender status, of the potential sentencing range he faced, and of the plea offer, which defendant expressly rejected, defendant cannot establish prejudice; he cannot show that but for counsel's alleged unprofessional errors, the result of proceeding would have been different. Accordingly, he has failed to establish ineffective assistance of counsel. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (prejudice does not result if the ineffectiveness of counsel does not deprive defendant of any substantive or procedural right to which the law entitles him).

     **e.**  **Ground Six.**

In ground six, defendant claims appellate counsel was *per se* ineffective for failing to argue the district court committed plain error by relying on bare allegations in the presentence report to establish defendant's career offender status. As previously argued, appellate counsel did challenge the sufficiency of evidence of defendant's conviction for extortion under 18 U.S.C. § 2113(a), and whether it was a crime of violence for purposes of the career offender guideline. The Court of Appeals found the conviction was supported by appropriate documents, including the plea agreement, and qualified as a career offender predicate. *See Acosta*, 185 Fed. Appx. 590. (Attachment at 20-22.)

Records in the probation file establish that defendant's drug conviction qualifies as a controlled substance offense. (Attachment at 23-34.) When appellate counsel is alleged to be ineffective, this Court should review with great deference counsel's decision to omit an issue on appeal, *see United States v. Cook*, 45 F.3d 388, 394 (10th Cir. 1995), and reverse only if counsel fails to argue a "dead-bang winner." *See id.* at 395 (defining "dead-bang winner" as "an issue which was obvious from the trial record, . . . and one which would have resulted in a reversal

on appeal.") Here, available records demonstrate the argument defendant now proposes would not have been successful, much less a "dead-bang winner." Moreover, even if defendant could establish appellate counsel was deficient for failing to challenge the proof of the drug conviction, for the reason argued above he cannot establish prejudice from its use at sentencing. Therefore, his ineffective assistance claim fails. *Williams v. Calderon*, 52 F.3d at 1470.

**IV.     Conclusion.**

Based on the foregoing, defendant is not entitled to relief on any of the claims raised in his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The motion should be denied.

Respectfully submitted this ____ day of October, 2007.

DANIEL G. KNAUSS
United States Attorney
District of Arizona


_____
JOAN G. RUFFENNACH
Assistant U.S. Attorney

I hereby certify that on _____,
I electronically transmitted the attached
document to the Clerk's Office using the
CM/ECF system for filing.

_____S/_____
JOAN G. RUFFENNACH

I hereby certify that on _____,
I served the attached document by
mail on the following, who are not registered participants of
*the CM/ECF* system*:*

Andrew V. Acosta
Reg. No. 44014-008
C.C.A. P.O. Box 6300
Florence, AZ   85232

_____S/_____
JOAN G. RUFFENNACH

14