Sandra K. Hamilton
AZ SBN 019809
240 North Center
Mesa, Arizona 85201
(480) 987-6319
sandrahamiltonlaw@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| ANDREW ACOSTA, | |
|---|---|
| Movant, | No. |
| v. | Criminal No. DC-03-00075-PHX_EHC |
| UNITED STATES OF AMERICA, | **Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255** |
| Respondent. | |

**Background Data**

1. Mr. Acosta is challenging the sentence imposed in No. CR-DC-03-00075-PHX-EHC in the United States District Court for the District of Arizona. The sentencing court's address is 401 West Washington Street, Phoenix, Arizona 85003.

2. The judgment of conviction was entered April 14, 2005.

3. After a jury trial Mr. Acosta was convicted of one count of bank robbery, in violation of 18 U.S.C. §2113(a).

4. Mr. Acosta was sentenced to 210 months in prison.

5. Mr. Acosta appealed his conviction and sentence. The District Court's judgment was affirmed on June 14, 2006.

6. Mr. Acosta filed a challenge to the sentence under 28 U.S.C. §2255 on June 12, 2007 (CV07-1160-PHX-EHC-DKD). That Motion was denied on December 23, 2008 by the District Court.

7. Mr. Acosta appealed the denial of his §2255 motion on January 22, 2009. On March 9, 2010 the appeal was denied.

8. This is Mr. Acosta's second motion under 28 U.S.C. §2255 challenging the sentence in this case.

**Ground for Relief – Sentence Violates *Johnson v. United States*.**

8. On January 22, 2003, a grand jury indicted Mr. Acosta on one count of bank robbery, in violation of 18 U.S.C. §2113(a). (Dkt. #7).

9. After a jury trial, Mr. Acosta was sentenced as a career offender based on the following prior convictions:

   a. CR92-90323, Conspiracy to Sell Narcotic Drugs, in the Arizona Superior Court in and for Maricopa County; and

   b. CR98-00894-002-PHX-RGS, Extortion, an Incidental Offense to Bank Robbery, in the United States District Court for the District of Arizona.

10. Unarmed bank robbery has a statutory maximum sentence of 20 years.. *See* 18 U.S.C. §2113(a).

11. Because Mr. Acosta was convicted of bank robbery, his base offense level under the career-offender provisions of the Guidelines was 32 and his criminal history category was VI. *See* U.S.S.G. §4B1.1(b)(B). Mr. Acosta's advisory guideline range was 210-262

months. Because the statutory maximum is 20 years the guideline range was changed to 210-240 months.

12. At the sentencing hearing on April 13, 2005, the judge sentenced Mr. Acosta to 210 months.

13. Under U.S.S.G. §4B1.2 a "crime of violence" is defined as a crime punishable by a term exceeding one year that:

   a. has an element the use, attempted use, or threatened use of physical force against the person of another, U.S.S.G. §4B1.2(a)(1) or

   b. is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of injury to another, U.S.S.G. §4B1.2(a)(2).

14. The first prong of this definition is known as the "force clause."

15. The first part of the second prong of this definition ("is burglary of a dwelling, arson, or extortion, involves use of explosives" is known as the "enumerated offenses clause."

16. The second part of the second prong of this definition ("otherwise involves conduct…") is known as the "residual clause."

17. In *Johnson v. United States,* 135 S.Ct. 2551(2015), the Supreme Court held that the similarly-worded residual clause in 18 U.S.C. §924(e), the Armed Career Criminal Act (ACCA), was unconstitutionally vague. There is no practical difference in meaning between the ACCA residual clause and the one in §4B1.2. *See United States v. Gomez-Leon,* 545 F.3d777, 788-89 (9th Cir. 2009). Consequently, any sentence enhancement based on the residual clause is illegal. (All unadorned references to "*Johnson*" in this

document will refer to this 2015 case. Other cases named *Johnson* will be distinguished in short citations.)

18. As explained below, federal bank robbery no longer qualifies as a "crime of violence" in light of *Johnson* and therefore Mr. Acosta's sentence is based on an advisory Guideline range that was computed in an illegal and unconstitutional manner.

19. Under 18 U.S.C. §2113(a), whoever "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association," is guilty of bank robbery. The elements of bank robbery are three: (1) taking money belonging to a bank, (2) by using force and violence or by intimidation, (3) with the bank being federally insured. *See United States v. Davis,* 437 F.3d 989,993 (10th Cir. 2006).

20. "By force and violence" and "by intimidation" are alternative means by which the second element of unarmed bank robbery may be committed; they do not render unarmed bank robbery divisible into two different offenses. *United States v. Wright,* 215 F.3d 1020, 1028 (9th Cir. 2000) ("one of the elements of the offense is 'by force and violence, or by intimidation'"); *see also United States v. Sahagun-Gsllegos,* 782 F.3d 1094, 1098 n.3 (9th Cir. 2015) (under *Descamps v. United States,* 133 S. Ct. 2276 (2013), courts determine whether a disjunctively worded statute is divisible or not by looking to whether … the parts of the statute on opposite sides of the "or" [are] alternative elements or alternative

means") (quotation marks omitted; citing *Rendon v. Holder,* 764 F.3d 1077, 1088 (9th Cir. 2014)).

21. The means of "by intimidation" requires only that the robber take bank money "in such a way that would put an ordinary, reasonable person in fear of bodily harm." *United States v. Selfa,* 918 F.2d 749, 751 (9th Cir. 1990). This can be done without the use, attempted use, or threatened use of violent physical force. A simple demand for money, for example, suffices to establish that the offense was committed by means of intimidation. *United States v. Hopkins,* 703 F.2d 1102, 1103 (9th Cir. 1983) (citing *United States v. Bingham,* 628 F.2d 548, 549 (9th Cir. 1980)).

22. In *Johnson v. United States (Johnson 2010),* 559 U.S. 133, (2010), the Court held that the definition of "crime of violence" that is predicated on the force clause means "violent force-that is, force capable of causing physical pain or injury to another person." *Id.* At 140.

23. Because unarmed bank robbery under §2113(a) does not have as an element the use, attempted use, or threatened use of violent force as defined in *Johnson 2010*, it does not qualify as a "crime of violence" under the force clause.

24. Bank robbery does not qualify as a "crime of violence" under the enumerated offenses clause.

25. And because the residual clause is unavailable under *Johnson,* bank robbery under §2113(a) does not amount to a "crime of violence" under U.S.S.G. §4B1.2(a).

### Other Affirmative Defenses Can Be Overcome

26. Because *Johnson* has announced a new substantive limitation on the government's ability to punish a criminal defendant, it applies retroactively to Mr. Acosta's case, which is final on direct review. *See Welch v. United States,* 136 S. Ct.1257(2016). This Court may therefore grant Mr. Acosta relief on his claims.

### Relief Requested

27. In light of *Johnson*, Mr. Acosta's 210 month sentence, based on the career-offender provisions of the Guidelines, is unconstitutional. Accordingly, Mr. Acosta respectfully asks the Court to:

    a.   call for a response from the government;

    b.   vacate his sentence;

    c.   resentence him to a term that is not based on the career-offender provisions of the Guidelines,; and

    d.   grant him any other relief that is just and practicable.

Respectfully submitted: August 16, 2016.


/ s/ Sandra K. Hamilton
Sandra K. Hamilton
Attorney for Movant Acosta

**CERTIFICATE OF SERVICE**

I certify that on August 10th, 2016, I caused the foregoing motion to be filed with the Clerk of Court for the United States District Court for the District of Arizona using the CM/ECF system. I further certify that I e-mailed a copy to the United States Attorney assigned in this case on this date.

<u>s/Sandra K. Hamilton</u><br>
SANDRA K. HAMILTON<br>
Attorney for Movant Acosta