# Exhibit 1

(1)
Andrew Acosta
44014-008 Unit J
U.S.P. Lompoc

TO: Warden Bradley
or Current Warden.

Warden's Office
JUN 23 2020
Received

Please excuse me if I have your name misspelled or wrong.

I am writing this letter because my lawyer has made me aware that my current case and sentencing issues that apply to my case are requirements that make me eligible for a Compassionate release/Reduction in Sentence.

I have also been made aware of the process that I must follow to be considered for a Compassionate release. Therefore I am submitting this request under: Title 18 of the United States Code, Section 3582(C)(1)(A), which allows a sentencing court, on motion of the Director of the BOP, to Reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50 Compassionate Release and/or Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582-(C)(1)(A) and 4205(g)

I am asking the Warden and her administration to consider me for this above named action for the following reasons:

(1) In 2005 I was sentenced as a career offender in the District of Arizona. I was convicted of un armed bank-

(2) ROBBERY. I WAS SENTENCED TO 17 YEARS AND 3 YEARS PROBATION. AT SENTENCING I OBJECTED TO THE CAREER OFFENDER ENHANCEMENT BECAUSE THE PRIOR THAT WAS USED TO ENHANCEMENT WAS NOT AN ADEQUATE PREDICATE FOR CAREER OFFENDER PURPOSES. NOR WAS THE CHARGE ITSELF ADEQUATE FOR ENHANCEMENT. WHILE SERVING THE SENTENCE AT U.S.P. VICTORVILLE I WAS PULLED BACK TO ARIZONA TO FACE MORE BANK ROBBERY CHARGES (UN-ARMED.) ONCE AGAIN I WAS CONVICTED AND SENTENCED TO 17 YEARS FOR 1 COUNT AND 8 YEARS ON THE 2ND COUNT. BOTH THESE SENTENCES TO RUN CONCURRENT WITH THE FIRST SENTENCE. THE SECOND SENTENCES OCCURED IN 2008 AND I WAS DEEMED A CAREER OFFENDER ONCE AGAIN. AND ONCE AGAIN I OBJECTED TO THE CAREER OFFENDER ENHANCEMENT DUE TO THE ABOVE NAMED REASONS.

IN 2008 THE TWO CONSECUTIVE SENTENCES WERE SUPPOSED TO BE RUN CONCURRENT WITH THE SENTENCE IN 2005. AFTER SENTENCING I WAS RETURNED TO VICTORVILLE U.S.P. AND AFTER A UNIT TEAM MEETING IT WAS UNDERSTOOD THAT MY TERM OF IMPRISONMENT WOULD NOT CHANGE DUE TO THE CONCURRENT SENTENCES.

AFTER ARRIVING HERE IN LOMPOC IN 2016 I WAS SCHEDULED TO LEAVE FOR A HALFWAY HOUSE PLACEMENT IN 2019 OR THIS YEAR. BECAUSE PRISON OFFICIALS BELIEVE THAT THE COURTS SENTENCING J.N.C. WAS MISINTERPRETED, MY OUT DATE WAS EXTENDED BY ALMOST 10 YEARS. I APPEALED AND WAS DENIED RELIEF IN THE CALIFORNIA CIVIL COURTS.

(3) Since then I have maintained a positive attitude and believe that I have endured my sentences and done more than the average prisoner.

Along with my extensive and extraordinary program history the laws have changed to confirm my objections to the career offender enhancement. As of today the following cases confirm that I am no longer or never should have been sentenced as a career offender. See:

Sanchez-Fernandez v. U.S. 2016
Mathis v. U.S. 2016

These two cases and the cases after place me in a position to be considered for a release for extraordinary or compelling reasons.

Concerning my sentence change by prison officials I would offer this DSCC function P5800.15 Chapter 5 502. Sentence Computations and Audits, 2nd paragraph: for terms in excess of six months from the statutory release date, the sentence must be computed and audited within 30 calendar days. As you can see LCNPCC Administration changed my term of imprisonment 8 years later?

Besides these reasons, I would ask you to consider my program history. I have two college degrees, "1) Liberal Arts, 2) Social Sciences, and I will have my third degree in Psychology when the prison resumes the college program.

I also have a Business/Computer certification from Chemeketa College

(4)  In Oregon, I am certified with the Department of Labor in two apprenticeships. 1) Transitional/Resource Clerk 2) Teachers Aide. I am a certified Alternative to Violence Program facilitator and I am entered in the nation wide data base to be sponsored upon release. I have taken the non residential Drug class twice and have extensive hours in other classes such as Money Management, Parenting, Tutor Apprenticeship and I facilitate every class I'm in now. I'm a mentor and a Resource Clerk in J Unit's Program Living. I continue to do the same as a tutor in the Education department where I work as well.

My disciplinary history is comprised of minor 300 or 400 incident reports where any one with the amount of time I have been incarcerated, (18) years would or might be expected to have. My last incident report was a 200 series, which was 5 years ago. This incident although a fight, was applied to my past without bodily harm or injury. In the past 18 years I have never tested positive for drugs nor have I participated in violence or weapons charges or infractions.

Upon release I would have a job at a company that is run by a long time family friend: Here is his info:
Sergio Raya 330-2172 Area code (623)
Action Material Handling
Sergio-raya@action-mh.com

(5) I would also have help with financial needs and transportation from another long time family friend who has worked for U-haul for over 20 years:
Angie Moreno
(602) 828-6527
angraya2@gmail.com

Lastly everything that has to do with medical complications is in my file I am Chronic Care due to my Hepatitis C. and edema. I also have exposure to tuberculosis and am making you aware that consideration for my release would allow me to seek medical treatment for these chronic illnesses. I tried the treatment for Hep C. through the B.O.P but unluckily was not cured. Again at my age these illnesses are serious.

Thank you for your consideration, I want to say that all my progress and hard work and experience mean nothing if I don't have the chance to apply them to a future career as a drug and alcohol counselor. I have come full circle. Again, please consider this plea.

Sincerely
Andrew Acosta
ANDREW ACOSTA
44014-008